IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIRIAM ROVNER**, individually and by and through her Next Friends, Neil and Nina Rovner, *et al.*,<br>    Plaintiffs<br><br>     v.<br><br>**KEYSTONE HUMAN SERVICES CORPORATION**, *et al.*,<br>    Defendants | : CIVIL ACTION NO. 1:11-CV-2335<br>:<br>:   (Judge Conner)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM

Presently before the court is the motion of defendants (Doc. 43) Keystone Human Services Corporation, Dennis W. Felty, Charles J. Hooker, III, Janet K. Kelley, Ann H. Moffitt, Michael Powanda, Patricia Sipe, Ann Marie Mellett, and Jolene Fogelsanger (collectively, "Keystone"), filed April 20, 2012, to seal the entire record in the above captioned matter, and to further require that all future filings in this case be filed under seal. (Id. at 1). Plaintiff Miriam Rovner, by and through her parents and Next Friends Neil and Nina Rovner, has submitted a brief in opposition to this motion (Doc. 56), filed May 9, 2012. With the filing of Keystone's reply brief (Doc. 59), filed May 15, 2012, the matter is fully briefed and is ripe for decision.  Rovner also requests the unsealing of certain documents entered into evidence at the sealed hearing on Rovner's motion for a preliminary injunction. For the reasons stated herein, the court will deny Keystone's motion to seal the record, and deny as moot Rovner's request to unseal exhibits introduced at the injunction hearing.

I.     **Factual and Procedural Background**

This motion arises out of a complaint (Doc.1) filed by Rovner against Keystone for violation of Rovner's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 795 (2006), and Titles II and III of the Americans with Disabilitites Act of 1990, 42 U.S.C. § 12131 et seq.  Rovner also brings a claim under 42 U.S.C. § 1983 for violation of her right to procedural due process under the Fourteenth Amendment.

Rovner moved for a preliminary injunction against Keystone (Doc. 3) on December 19, 2011, asking the court to enjoin Keystone from discharging Rovner from the group home in which she lives.  The court held a hearing on this motion on March 22, 2012 (Doc. 29). The hearing and any exhibits entered therein were held under seal in order to protect confidential information – medical or otherwise – of nonparty residents at Keystone's group home.

In the instant motion, Keystone asks this court to seal the entire record in the above captioned matter, and to require "the filing of all future documents" to be under seal. (Doc. 48 at 1). In support of their position, they posit that the "pleadings, motions, hearing transcripts, exhibits, and other documents in this case contain confidential personal information about Plaintiff Miriam Rovner and other individuals who reside in her group home," and particularly, that these items may contain confidential medical information protected by the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of titles 29 and 42 U.S.C.) (*hereinafter* HIPAA).

They further aver that, at the March 22, 2012 hearing on Rovner's motion for a preliminary injunction (Doc. 29), the court explicitly ordered the sealing of the record. (See Doc. 48 at 2) ("[T]he Court ordered the record and the exhibits sealed."); (id. at 3) ("During the testimony of Donna Gaffney, a Keystone employee, Ms. Gaffney indicated that she felt uncomfortable talking about one of the residents of the home. . . . The Court assured Ms. Gaffney that the record is sealed.").

Keystone argues that sealing the record to protect confidential HIPAA information is wholly appropriate; that defendants are not public entities; and that there exist no public health or safety issues in this case that would counsel against limiting public access to the court proceedings. (Id. at 4-5). Further, they posit that they have relied upon the court's representation that the record would be sealed and "spoke freely about sensitive and confidential information that they otherwise would not have." (Id. at 5). And finally, they express surprise that Rovner has "inexplicably" not concurred in their motion to seal, "despite having previously requested that the Court seal the proceedings." (Doc. 43 ¶ 13).

Rovner disagrees with Keystone's characterization of the court's directive at the March 22 hearing, maintaining that the court's statements referred only to sealing the hearing transcript and any exhibits entered therein. (See Doc. 56 at 1-2) ("[T]he proceedings today should be subject to a sealing order . . .") (quoting Transcript of Preliminary Injunction Hearing, Doc. 29 at 18) (statement of the court); (id. at 2) ("We'll seal the order, and obviously that would incorporate the exhibits as well.") (quoting Doc. 29 at 19) (statement of the court). Rovner

3

maintains that, "at all times, Plaintiffs and their counsel operated under the impression that the hearing and the exhibits entered at the injunction hearing were the *only* documents subject to sealing." (Doc. 56 at 4) (emphasis in original).

Rovner does not dispute that the preliminary injunction hearing and the exhibits entered therein are sealed. (Doc. 56 at 7). However, Rovner observes that four of her exhibits were previously subject to public view because they were attached as part of Rovner's initial Complaint (Doc. 1).[1] Consequently, Rovner requests that the court clarify its sealing directive with respect to those four exhibits.

## II. Standard of Review

A party seeking to seal court documents from access by the public must demonstrate "good cause" for protecting that material from disclosure. FED. R. CIV. P. 26(C). The Third Circuit has long recognized a right of access to judicial proceedings and to judicial records – a right that is now "beyond dispute." See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d. Cir. 1994) (quoting Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir 1988)). The "good cause" analysis of Rule 26(C) applies whether the request for confidentiality is made "at the discovery stage or any other stage of litigation." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005)

---

[1] The exhibits that Rovner refers to are: (1) the November 21, 2011 letter to Miriam Rovner giving notice of discharge (Doc. 1, Ex. A); (2) the October 12, 2011 Team Review/Team Procedure Record (Doc. 1, Ex. B); (3) the "Visitor Guide" for visiting the Second Street Home (Doc. 1, Ex. C); and (4) the November 23, 2011 statement from Dr. Michael Fueyo (Doc. 1, Ex. D).

4

(quoting Pansy, 23 F.3d at 786).  To establish good cause, the moving party must "specifically demonstrate[] that disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484 (3d Cir. 1995) (citing Pansy, 23 F.3d at 786). "Broad allegations of harm, unsubstantiated by specific examples" are insufficient to establish good cause to seal proceedings or filings.  Id; see also *In re* Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

The Third Circuit has articulated a number of factors which District Courts may consult in determining the existence of "good cause" for purposes of a confidentiality order:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to the public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Glenmede, 56 F.3d at 485 (citing Pansy, 23 F.3d at 787-91).  This list is neither exhaustive nor mandatory, see id., and the "common law presumption of access must be balanced against the factors militating against access." Leucadia, Inc. V. Applied Extrusion Technologies, Inc., 998 F.2d 157, 166 (3d Cir. 1993).  The key, among all of this, is that "specificity is essential." *In re* Cendant Corp., 260 F.3d at 194.

### III.   Discussion

As a threshold matter, the court will clarify the precise contours of its sealing directive at the hearing.  The court's assurances to a witness that her testimony would not violate confidentiality concerns regarding a resident at the Second Street group home were premised on the understanding that the record of the *preliminary injunction hearing* would be sealed. (See Doc. 29 at 174).[2]  To be pellucidly clear, the court's reference to sealing the record was *not* intended to reflect a sealing of the *entire* record. (See Doc. 48 at 2).

Keystone contends that Rovner "inexplicably" reneged on her previous concurrence to proceed under seal.  (See id. at 3) ("Despite making a joint motion at the hearing that the record be sealed, Plaintiffs inexplicably have refused to concur in this motion.").  This contention is rejected. The court agrees with Rovner's characterization of the colloquy between the court and counsel regarding sealing, namely, that the discussion revolved around the March 22 hearing and the admission of potentially sensitive testimony that day, and that Rovner was not concurring in an oral motion to seal the entire case. (See Doc. 56 at 1-3).

Having determined that there exists a "pervasive common law right," Leucadia, 998 F.2d at 161, and a strong public interest, see generally Pansy, 23 F.3d

---

[2] The court, engaging in a colloquy with a witness reticent to discuss potentially confidential information, stated: "This record is sealed, and to the extent that it's relevant to the underlying proceeding, I see no violation of HIPAA here and I think your status as a witness in this proceeding protects you from any negative consequences of your testimony." (Id.).

772 (3d Cir. 1994), for the public to access and inspect judicial records, the question remains whether Keystone has demonstrated with sufficient particularity and specificity a cognizable injury that will occur if the entire case is not sealed. The court finds that Keystone has not carried this burden. Keystone argues that "all of the parties"[3] have an interest in sealing the case because "disclosure of confidential medical information would violate the parties' privacy interests" and cause embarrassment for the residents of the group home. (Doc. 48 at 3). As it relates to medical information elicited during the hearing, this argument has merit – which is why the preliminary injunction hearing was and will remain sealed. But it does not follow from Keystone's generalized assertion of harm that the entire case and all future filings – regardless of whether they make reference to nonparty individuals or HIPAA information – need to be preemptively sealed. See Shingara, 420 F.3d at 308 (noting that, when a case is neither complex nor involves large-scale discovery, an "umbrella" protective order is inappropriate, and courts should engage in a

---

[3] The court notes that Keystone slightly misstates the impact that the presence of a public entity would have in the decision whether to seal particular documents or records. They cite Doe v. Methacton School Dist., 878 F. Supp. 40, 42 (E.D. Pa. 1995) for the proposition that the relevant inquiry is "whether the parties *seeking* secrecy are public entities." (Emphasis added). But, in Glenmede, the Third Circuit stated that the public entity factor revolves around "whether a party *benefitting*" from the sealing order is a public entity. 56 F.3d at 484 (emphasis added); see also Shingara v. Skiles, 420 F.3d 301, 308 (3d Cir. 2005). While Keystone, a private nonprofit organization, has moved to seal the record, it is important to note that the Department of Public Welfare, an agency of the Commonwealth, is a named defendant in the case, and may benefit from secrecy. Cf. Pansy, 23 F.3d at 788 ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

document-by-document approach); Leucadia, 998 F.2d at 166-67 (recognizing the preference for a "document-by-document review of [the] contents" of documents sought to be maintained under seal).

Because Keystone has failed to allege with sufficient particularity the harm that would be averted by sealing the entire case record, the court finds it unnecessary to engage in an extensive review of the Pansy factors. Suffice to say, the issues presented by this litigation are of potential importance to the public, such that Keystone has failed to carry the heavy burden necessary to warrant sealing the entire case record and any future filings from public examination. Keystone's motion to seal must be, therefore, denied.

As is the parties' practice, any reference to a nonparty resident of the group home may be accomplished by first initial only. (See, e.g., Doc. 41 ¶ 42) ("Mrs. Rovner believes that Miriam is afraid of 'R'"). To the extent the parties seek prospectively to file specific documents under seal, the court directs that such requests be made in compliance with Local Rule 5.8. Rovner's request to unseal a number of exhibits introduced at the preliminary injunction hearing is moot because each remains publicly available. (See Doc. 1, Ex. A-D; Doc. 3, Ex. A).

An appropriate order will issue.

                                      S/ Christopher C. Conner
                                      CHRISTOPHER C. CONNER
                                      United States District Judge

Dated:        May 24, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MIRIAM ROVNER**, individually and by and through her Next Friends, Neil and Nina Rovner, *et al.*,        Plaintiffs | : CIVIL ACTION NO. 1:11-CV-2335 <br> : <br> :   (Judge Conner) <br> : <br> : |
| v. | : <br> : |
| **KEYSTONE HUMAN SERVICES CORPORATION**, *et al.*,        Defendants | : <br> : <br> : |

**ORDER**

AND NOW, this 24th day of May, 2012, upon consideration of the motion of defendants (Doc. 43) Keystone Human Services Corporation, Dennis W. Felty, Charles J. Hooker, III, Janet K. Kelley, Ann H. Moffitt, Michael Powanda, Patricia Sipe, Ann Marie Mellett, and Jolene Fogelsanger (collectively, "Keystone "), filed April 20, 2012, to seal the entire record in the above captioned matter, and to further require that all future filings in this case be filed under seal, (Id. at 1), and Plaintiff Miriam Rovner, by and through her parents and Next Friends Neil and Nina Rovner, having submitted a brief in opposition to this motion (Doc. 56), filed May 9, 2012, for reasons stated in the accompanying Memorandum, it is hereby ORDERED that:

1. Keystone's Motion to Seal the Record is DENIED.

2. The transcript for the hearing on Plaintiff's Motion for a Preliminary Injunction shall remain SEALED.

3. Rovner's request to unseal exhibits introduced at the preliminary injunction hearing is DENIED as moot.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge